UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| JAMES FERRARI #209153, | Case No. 2:18-cv-00125 |
| Plaintiff, | Hon. Janet T. Neff<br>U.S. District Judge |
| v. | |
| JODY LEBARRE, et al., | |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION**

### I.  Introduction

This is a civil rights action brought by state prisoner James Ferrari pursuant to 42 U.S.C. § 1983. Ferrari alleges that Dr. Borgerding violated his Eighth Amendment right to adequate medical treatment and retaliated against him for filing a grievance, in violation of the First Amendment. (ECF No. 1.)

Defendant Dr. William Borgerding has filed a motion for summary judgment and Ferrari has responded. (ECF No. 33, 37.) The undersigned has reviewed the pleadings and associated documents and respectfully recommends that the Court (1) grant the motion for summary judgement, and (2) dismiss the claims against Dr. Borgerding without prejudice.

## II. Summary of Plaintiff's Allegations and Relevant Facts

Since Ferrari claims that he has suffered from photophobia since he was 12-years old.[1] (ECF No. 1, PageID.4.) As a result, he says that he requires tinted glasses in order to perform various daily tasks. (*Id.*) Without the tinted glasses, Ferrari claims to suffer chronic migraine pains, nausea, and burning eyes. (*Id.*)

Due to a change in prison policies, Ferrari says he was no longer eligible to possess his tinted-prescription eyeglasses. (*Id.*, PageID.4.) On July 13, 2016, Ferrari was transferred to Baraga Correctional Facility (AMF) from Ionia Correctional Facility (ICF). (*Id.*, PageID.11.) Ferrari alleges that the "property room confiscated" his tinted-prescription glasses and a second pair of prescription glasses. (*Id.*)

On the same day as the confiscation, July 27, 2016, Ferrari filed grievance **AMF-16-08-1901-12G1**. (ECF No. 34-3, PageID.193.) It is the only grievance that Ferrari has pursued through Step III since January 2013. (*Id.*, PageID.189.) Ferrari does not mention Dr. Borgerding in his appeals to Step II or III.

On January 4, 2017, Ferrari met with an optometrist who requested a pair of tinted glasses for him. (ECF No. 1, PageID.4.) The next day, according to Ferrari, Dr. Borgerding denied the optometrist's request because photophobia is not a sufficient reason to prescribe tinted glasses. (*Id.*, PageID.4-5.)

On July 30, 2018, Ferrari filed this action with the United States District Court, Western District of Michigan. (ECF No. 1.) Ferrari broadly alleged two broad

---

[1]   As described by Ferrari, photophobia "is the medical term for light sensitive eyesight." (ECF No. 1, PageID.4.)

sets of claims against 32 Defendants from two MDOC facilities.[2] (*Id.*) Ferrari generally alleges that Dr. Borgerding violated his Eighth Amendment right to adequate medical treatment and retaliated against him for filing a grievance, in violation of the First Amendment. (*Id.*, PageID.4-9.)

### III. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### IV. Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549

---

[2]  In two separate orders, the Court dismissed 31 (thirty-one) of the Defendants. (ECF No. 17, 19.) The only remaining defendant is Dr. Borgerding.

U.S. 199, 212-16 (2007). "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo*, 548 U.S. 81, 90-91

(2006). In rare circumstances, an administrative remedy will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance [or other administrative] process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. ___, 136 S.Ct. 1850, 1859-60 (2016).

"Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524. In the Court's view, this objective was achieved in three ways. First, the exhaustion requirement "afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 525. Second, "the internal review might 'filter out some frivolous claims.'" *Id.* (quoting *Booth*, 532 U.S. at 737*).* And third, "adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Id.* When institutions are provided adequate notice as required under the PLRA, the opportunity to address the claims internally furthers the additional goals of limiting judicial interference with prison administration. *Baker v. Vanderark*, 2007 U.S. Dist. LEXIS 81101 at *12.

The most common procedure through which a prisoner in MDOC custody exhausts his administrative remedies is the grievance procedure set forth in Michigan Dept. of Corrections (MDOC) Policy Directive 03.02.130 (effective on July 9, 2007, superseded on March 18, 2019. Where grievance procedures are not available

5

because the issue presented is non-grievable, exhaustion of prison grievance procedures is not required.  It is well-established that a prisoner "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *Mays v. Kentucky Dept. of Corrections*, 2018 WL 4603153, at *3 (W.D. Ky. Sept. 25, 2018) ("It is beyond debate that an inmate cannot be required to exhaust administrative remedies regarding non-grievable issues."); *Reeves v. Hobbs*, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013) ("Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around and maintain the claim fails because [the plaintiff] failed to follow the grievance procedure. As the well known proverb states, they cannot have their cake and eat it too.").

However, where other administrative remedies are available, the prisoner is required to exhaust those available remedies prior to filing a federal lawsuit. For example, where an inmate claims that he received a retaliatory false misconduct, whether a Class I misconduct or a Class II or III misconduct[3], the inmate must first raise the issue during the Misconduct Hearing. *Siggers v. Campbell*, 652 F.3d 681, 693-94 (6th Cir. 2011).  If the inmate is claiming to have received a retaliatory Class

---

[3] Violations of written rules within the MDOC are classified as either Class I, Class II or Class III misconducts. Class I consists of the most severe violations, and Class III consists of the least severe.  While Class I misconducts are considered "major" misconducts and are "subject to all hearing requirements set forth in MCL 791.252", Class II and III misconducts are considered "minor" misconducts and are "subject to all requirements currently set forth in Department Administrative Rules and policy directives for 'minor' misconducts." MDOC Policy Directive (PD) 03.03.103 ¶ B (eff. date 07/01/18).

I misconduct, he or she must then must "file a motion or application for rehearing [of his misconduct conviction] in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." Mich. Comp. Laws § 791.255(1); *see also Siggers*, 652 F.3d at 693-94. Alternatively, if the inmate is claiming to have received a retaliatory Class II or III misconduct, he or she must file an appeal based on retaliation. MDOC PD 03.03.105 ¶¶ UUU-XXX; *see also Jones v. Heyns*, 2014 U.S. Dist. LEXIS 55712 at *13-17 (W.D. Mich. Jan. 28, 2014).

When prison officials waive enforcement of these procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules will not bar that prisoner's subsequent federal lawsuit. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process."). An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id*. at 325. We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Id*. at 324.

*Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017).[4]

## V.  Analysis

The issue presented is whether Ferrari properly exhausted all administrative remedies for his claims against Dr. Borgerding. For the following reasons, it is the opinion of the undersigned that he did not.

Since January 2013, Ferrari only pursued one grievance through Step III: grievance **AMF-16-08-1901-12G1**. (ECF No. 34-3, PageID.189.) The grievance complains about Ferrari's tinted-prescription glasses being confiscated, on July 27, 2016, by "the property room" when he transferred into AMF. (*Id.*, PageID. 193, 195.) The grievance was filed that same day as the confiscation. (*Id.*) Due to the obvious timeline issue, the 2016 grievance does not complain about Dr. Borgerding denying Ferrari's optometrist's request for Ferrari to received tinted glasses on January 5, 2017. (ECF No. 34-3, PageID.193.) For that same reason, on appeal to Steps II and III, Ferrari does not mention the Dr. Borgerding denial of the request.[5] (*Id.*, PageID.191.)

Prison Litigation Reform Act does not impose a "name all defendants requirement" when prisoners file their initial grievances. *Bock*, 549 U.S. at 217

---

[4]  In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints." *Id.* at 596. For example, grieving a doctor about his failure to give cardiac catheterization failed to grieve the claim that the doctor erred by not prescribing Ranexa.

[5]  On August 29, 2016, Ferrari filed his Step II appeal. (ECF No. 34-3, PageID.191, 196-197.) On September 23, 2016, Ferrari filed his Step III appeal. (ECF No. 34-3, PageID.191, 198.)

(internal quotations are omitted). Nevertheless, proper exhaustion requires "[c]ompliance with prison grievance procedures." *Id*. at 218. After all, the United States Supreme Court "identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Id*. at 219 (citing *Ngo*, 548 U.S. at 88-91; *Porter*, 534 U.S., at 524-525).

Ferrari's claim against Dr. Borgerding was never memorialized in the form a grievance. As a result, there was no opportunity for MDOC to address and potentially remedy Ferrari's claim against Dr. Borgerding. Ferrari's inclusion of the claim against Dr. Borgerding in this proceeding is an attempt to circumvent the grievance process.

## VI.   Recommendation

The undersigned respectfully recommends that this Court grant the motion for summary judgment regarding Ferrari's claim against Dr. Borgerding. If the Court accepts this recommendation, this case should be dismissed without prejudice.

Dated:   December 17, 2019            /s/ *Maarten Vermaat*
                                      MAARTEN VERMAAT
                                      U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).